**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001176
12-NOV-2015
08:35 AM**

NO. CAAP-14-0001176

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, A NATIONAL ASSOCIATION,
AS TRUSTEE FOR JPM ALT 2006-A6,
Plaintiff-Appellee,
v.
JEAN-FRANCOIS BENOIST, JOYCE K. MARVEL-BENOIST,
Defendants-Appellants,
and
JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-0467)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendants-Appellants Jean-Francois Benoist and Joyce
K. Marvel-Benoist (together, **Benoists**) appeal from the "Order
Granting Plaintiff's Motion for Summary Judgment, and for Writ of
Ejectment Against [the Benoists] Filed April 1, 2014," entered on
September 16, 2014 in the Circuit Court of the Third Circuit[1]
(**circuit court**).

On appeal, the Benoists argue that the circuit court
(1) abused its discretion when it held that Plaintiff-Appellee
U.S Bank National Association, a National Association, as
trustee, for JPM ALT 2006-A6 (**U.S. Bank**), had standing to
foreclose on the property and (2) incorrectly granted U.S. Bank's
motion for summary judgment because U.S. Bank's declarations and

---

[1]     The Honorable Greg K. Nakamura presided.

exhibits did not comply with Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude the Benoists' appeal is without merit.

## I.  Res Judicata

The Benoists contend that U.S. Bank did not have standing to foreclose on the Property because the Assignment of Mortgage violated the securitized trust's Pooling and Servicing Agreement (**PSA**).  The Benoists argued this issue before the United States District Court for the District of Hawai'i in Benoist v. U.S. Bank Nat. Ass'n, 2012 WL 3202180 (D. Hawai'i 2012).  In Benoist, the Benoists filed a complaint against U.S. Bank and PHH Mortgage Corporation fka Cendant Mortgage Corporation (**PHH Mortgage**), asserting claims titled "(1) Violation of Hawaii Revised Statutes [(**HRS**) chapter] 667, Lack of Legal Right to Foreclose (Defendant U.S. Bank); (2) Violation of [HRS] Chapter 667, Failure to Comply with terms of HRS [§] 667:5-10 (Defendant U.S. Bank); (3) Wrongful Foreclosure (Defendant U.S. Bank and PHH); and (4) Quiet Title (Defendants Claiming Any Interest in the Subject Property)."  Id. at *2.  The Benoists' lawsuit alleged, "the [N]ote and/or [M]ortgage were not properly transferred to U.S. Bank pursuant to the terms of a [PSA] when the mortgage loan was securitized."  Id. at *4.  In granting summary judgment in U.S. Bank's favor, the U.S. district court in Benoist held that the Benoists did not have standing to challenge the validity of the assignment so, "even assuming terms of the PSA were not followed, Plaintiffs may not set aside the assignment of the [M]ortgage from PHH to U.S. Bank on that basis."  Id. at *6.

Res judicata, or claim preclusion, "prohibits a party from relitigating a previously adjudicated cause of action."  E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 159, 296 P.3d 1062, 1067 (2013) (citing Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004)).  "The party asserting claim preclusion has the

burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." Esteban, 129 Hawai'i at 159, 296 P.3d at 1067; see Mortgage Elec. Registration Sys., Inc. [(MERS)] v. Wise, 130 Hawai'i 11, 18, 304 P.3d 1192, 1199 (2013), as amended (July 10, 2013) ("[J]ust as the court of appeals can raise a res judicata defense on its own, it can entertain a party's res judicata argument raised for the first time on appeal." (citations, internal quotation marks, and brackets omitted)).

Here, (1) the U.S. district court issued a final judgment on the merits, (2) the parties in the original suit are the same parties in the case before us (i.e., U.S. Bank and the Benoists); and (3) the PSA claim decided in the original suit is identical to the PSA argument presented in the case before us. Therefore, the Benoists' PSA argument is barred under principles of res judicata. See Esteban, 129 Hawai'i at 159, 296 P.3d at 1067.

In this appeal, the Benoists also contend that U.S. Bank lacked standing to foreclose because it had not proven that it was properly assigned the Note and Mortgage. The Benoists' assignment claims could have been raised in their federal lawsuit challenging U.S. Bank's authority to foreclose the Property. See Benoist, 2012 WL 3202180. In general,

> the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.

Esteban, 129 Hawai'i at 159, 296 P.3d at 1067 (emphasis added.) (quoting Kauhane v. Acutron Co., Inc., 71 Haw. 458, 463-64, 795 P.2d 276, 278-79 (1990)). The Benoists' challenges to U.S. Bank's standing to foreclose in this state lawsuit concern the same subject matter as those challenges the Benoists raised in their federal lawsuit. See Benoist, 2012 WL 3202180, at *2. The Benoists' challenges to the assignment of the Note and Mortgage

should have been raised in the Benoists' original federal suit against U.S. Bank and, therefore, are also barred under principles of res judicata.  See Esteban, 129 Hawai'i at 159, 296 P.3d at 1067.

## II.  Standing

Although res judicata does not bar the Benoists' standing arguments, the Benoists' arguments are without merit.

### A.  PSA Violation

The Benoists contend that U.S. Bank could not have been assigned the Mortgage because, according to the terms of the securitized trust's PSA, the trust was closed.  This court has held that "borrowers do not have standing to challenge the validity of an assignment of [their] loans because they are not parties to the agreement and because noncompliance with a trust's governing document is irrelevant to the assignee's standing to foreclose."  U.S. Bank Nat'l Ass'n v. Salvacion, 134 Hawai'i 170, 175, 338 P.3d 1185, 1190 (App. 2014).  "Hawai'i courts may recognize exceptions when a challenge would deem the assignment void, not voidable[;]" however, "non-compliance with the terms of a governing document does not render the assignment void[.]"  Id. at 175-76, 338 P.3d at 1190-91. Therefore, the Benoists have no standing to challenge U.S. Bank's compliance with the PSA.

### B.  Assignment of Note

The Benoists also contend that because the Assignment of Mortgage only assigned the Mortgage from MERS to U.S. Bank, U.S. Bank failed to prove that it held the Note, and therefore did not have standing to foreclose the Property.[2]  Hawai'i courts have not addressed whether a mortgagee is required to affirmatively prove that it holds the Note in order to non-judicially foreclose a property under the power of sale.  Several federal opinions, however, have interpreted the plain language of Hawai'i's non-judicial foreclosure statute, HRS § 667-5 (Supp. 2011) (repealed 2012), as not requiring a mortgagee to affirmatively prove that it holds the Note.  Pascual v. Aurora

---

[2]    We note that U.S. Bank's MSJ provided a declaration of Tanisha N. Thomas (**Thomas**) in which she declared that U.S. Bank had actual possession of the Note.

4

Loan Servs., LLC, 2012 WL 3583530, at *3-5 (D. Hawaiʻi 2012); see Lee v. [MERS], 2012 WL 6726382, at *7 (D. Hawaiʻi 2012) (noting "[Pascual] rejected that HRS § 667-5 includes an affirmative requirement that the mortgagee produce the Note--the plain language of § 667-5 includes no such requirement, and reading such requirement into § 667-5 would be inconsistent with decisions in other jurisdictions that have refused to read a 'show me the note' requirement into nonjudicial foreclosure statutes that do not otherwise explicitly include such a requirement"); Nottage v. Bank of New York Mellon, 2012 WL 5305506, at *7 (D. Hawaiʻi 2012) (quoting Pascual and dismissing mortgagor's claim against mortgagee "to the extent [it was] based on allegations that [mortgagee] failed to establish that it holds the note"); see also Fed. Nat'l Mortg. Ass'n v. Kamakau, 2012 WL 622169, at *5 n.5 (D. Hawaiʻi 2012); Lindsey v. Meridias Cap., Inc., 2012 WL 488282, at *8 (D. Hawaiʻi 2012).

In Pascual, mortgagor challenged mortgagee's ability to foreclose on the mortgage based on the theory that mortgagee "failed to demonstrate that it was the proper holder of the note at the time of foreclosure." Pascual, 2012 WL 3583530, at *2. The U.S district court opined that "[a]ccording to its plain language, HRS § 667-5 contains no requirement that a mortgagee affirmatively prove that it holds the note." Id. at *3. The U.S district court noted that "the court is not aware of any authority under Hawaii law affirmatively stating that a mortgagee's power of sale under Hawaii's non-judicial foreclosure statute is tied to the presentment of the underlying note." Id. The U.S district court noted that "interpreting HRS § 667-5 to include an affirmative requirement that mortgagee produce the note is inconsistent with decisions in other jurisdictions that have refused to read a 'show me the note' requirement into non-judicial foreclosure statutes that do not otherwise explicitly include such a requirement." Id. The U.S district court held that the Hawaiʻi Supreme Court would likely find that "Hawaii's HRS § 667-5 is just one more example of a state giving lenders a right to commence non-judicial foreclosures based solely upon

5

their status as assignees of a mortgage and without any explicit requirement that they have an interest in the note." Id.

In U.S. Bank Nat. Ass'n v. Castro, 131 Hawai'i 28, 313 P.3d 717 (2013), U.S. Bank filed a motion for summary judgment seeking a writ of ejectment against mortgagors after U.S. Bank non-judicially foreclosed on mortgagors' property under power of sale. Id. at 31-32, 313 P. 3d at 720-21. In support of its motion for summary judgment, U.S. Bank submitted copies of the Mortgage, Assignment of Mortgage, Mortgagee's Affidavit of Foreclosure, and Quitclaim Deed. Id. at 31, 313 P.3d at 720. It is not clear that U.S. Bank provided evidence that it also held the loan Note. Mortgagors contended that summary judgment was not warranted because there remained issues as to whether U.S. Bank owned the underlying Note and Mortgage and challenged whether U.S. Bank was entitled to foreclose. Id. at 32, 313 P.3d at 721. The lower court granted summary judgment in U.S. Bank's favor. Id.

On appeal, without discussing whether U.S. Bank was required to produce the Note, the Hawai'i Supreme Court opined that "U.S. Bank produced all of the relevant documents demonstrating that it properly conducted the nonjudicial foreclosure sale." Id. at 40, 313 P.3d at 729. Specifically, the supreme court pointed to the Mortgagee's Affidavit of Foreclosure as "evidence that the power of sale was duly, executed," which the supreme court noted furthers "the legislature's intent to promote the finality of properly conducted sales." Id. (emphasis omitted) (quoting Lee v. HSBC Bank USA, 121 Hawai'i 287, 292, 218 P.3d 775, 780 (2009)); see HRS § 667-8 (1993) (repealed 2012).[3] The supreme court held that U.S. Bank had satisfied its burden to demonstrate that it was

---

[3]     HRS § 667-8 provided:

§667-8 Affidavit as evidence, when. If it appears by the affidavit that the affiant has in all respects complied with the requirements of the power of sale and the statute, in relation to all things to be done by the affiant before selling the property, and has sold the same in the manner required by the power, the affidavit, or a duly certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed.

6

entitled to summary judgment as a matter of law. <u>Castro</u>, 131 Hawaiʻi at 40-41, 313 P.3d at 730-31.

Here, the Benoists do not contest they defaulted on the loan. Like the facts at issue in <u>Castro</u>, U.S. Bank produced certified copies of the Property's Mortgage, Assignment of Mortgage, Mortgagee's Affidavit of Foreclosure Under Power of Sale, and Mortgagee's Quitclaim Deed Pursuant to Power of Sale. As assignee of the Mortgage, U.S. Bank was not required to affirmatively prove that it had possession of the Note in order to non-judicially foreclose upon the Property, pursuant to HRS § 667-5. <u>See</u> <u>Pascual</u>, 2012 WL 3583530, at *3-5. Therefore, U.S. Bank had the authority to foreclose on the Mortgage and the Benoists' argument is without merit.

### C. Assignment of Mortgage

The Benoists contend the assignment to U.S. Bank was invalid because the signer and notary on the Assignment of Mortgage were "Robo-Signers" who were not MERS employees. In support of their contention, the Benoists' Opposition to MSJ attached a declaration of Marla Giddings (**Giddings**), who the Benoists claimed was their "expert witness."[4] Gidding's declaration provided:

44. The third flaw the signer, Keo Vang (**Vang**), is a known "Robo-Signer." He has never worked for MERS, Inc. He is an employee of LPS Default Solutions, Inc. He appears to have different signatures on several documents. **(Exhibit D)**

45. The fourth flaw is that the notary, James C. Morris [(**Morris**)] is a known "Robo-Signer." He is an employee of LPS Default Solutions, Inc. He appears to have different signatures on several documents. **(Exhibit E)**

Although the circuit court accepted Gidding's declaration, which indicated that Vang and Morris were "robo-signers," the Benoists' Opposition to MSJ failed to assert facts or law explaining how "robo-signing" caused them any harm of damages. <u>See</u> <u>Deutsche Bank Trust Co. v. Beesley</u>, 2012 WL 5383555, at *6 (D. Hawaiʻi 2012) (holding that, under similar

---

[4] Gidding declared that she was certified and licensed to use ABSnet, had experience in the mortgage and banking industry, and previously qualified to testify in Federal cases on unknown issues. The circuit court agreed to consider her written declaration for purposes of the MSJ.

facts, "[t]he Beesleys [did] not establish that DB-GSAA lack[ed] standing to bring this action simply because Hood [was], in their opinion, a 'robosigner'"); see also Nastrom v. New Century Mortg. Corp., 2012 WL 2090145, at *6 (E.D. Cal. June 8, 2012) (dismissing claim where "Plaintiffs offer[ed] no factual allegations (or legal theory) indicating how the alleged robo-signing of documents which assigned the subject loans harmed Plaintiffs."); Block v. BAC Home Loans Servicing LP, 2012 WL 2031640, at *4 (E.D. Mich. June 6, 2012) ("Plaintiffs' vague and speculative assertions of what has been labeled as 'robo-signing' are insufficient to state a plausible claim of fraud or irregularity."). Furthermore, MERS does not contest the alleged robo-signers' authority to act. See Lee v. [MERS], 2012 WL 2467085, at *5 (D. Hawai'i 2012) (rejecting identical "robo-signing" argument where MERS did not contest individuals' authority to act).

We join other courts that have addressed similar issues and find that "such conclusory assertions of 'robo-signing' fail to state a plausible claim." Id. (dismissing "robo-signing" argument); Nottage v. Bank of New York Mellon, 2012 WL 5305506, at *6 (D. Hawai'i 2012) (summarizing case law where courts have rejected "robo-signing" argument). Therefore, the Assignment of Mortgage's purported use of "robo-signers" did not prevent U.S. Bank from foreclosing on the Mortgage.

**III. Motion for Summary Judgment**

The Benoists contend that the circuit court erred in granting the U.S. Bank's MSJ because their supporting documents failed to comply with HRCP Rule 56. Specifically, the Benoists contend that Thomas' declaration and all supporting exhibits did not comply with HRCP Rule 56(e).

HRCP Rule 56(e) provides, in relevant part,

> **(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Thomas' signed declaration declared, under the penalty of law, that she was the "Sr. DLD Complex Rep. for PHH Mortgage, Servicer for [U.S. Bank]." Thomas indicated she was "one of the custodians of [U.S. Bank's] business records" and that she had "personal knowledge of the matters set forth in [the] declaration." Furthermore, all documents provided in support of U.S. Bank's MSJ--including a certified copy of the Mortgage, Mortgagee's Affidavit of Foreclosure under the Power of Sale, and Mortgagee's Quitclaim Deed Pursuant to Power of Sale--were certified as true copies and attached as exhibits. See Castro, 131 Hawai'i at 41, 313 P.3d at 730 (holding that certified copy of Mortgagee's Affidavit of Foreclosure was self-authenticating under the Hawai'i Rules of Evidence (**HRE**) Rule 902(4) (1993 and Supp. 2014)[5] and admissible "as evidence that the power of sale was duly executed," pursuant to HRS § 667-8 (1993)); see also Fuller v. Pac. Med. Collections, Inc., 78 Hawai'i 213, 224, 891 P.2d 300, 311 (App. 1995) ("Documents referred to in a motion for summary judgment must be sworn or certified and attached to the affidavit if they are to be considered by the court." (brackets omitted)).

U.S. Bank, therefore, produced evidence to show a direct chain of title from the initial lender to U.S. Bank and that the Benoists refused to surrender possession of the Property. "[A] complainant who has the title to and right of possession of certain land and from whom possession is unlawfully withheld by another is entitled to the ordinary remedy of law of

---

[5] HRE Rule 902 provides in relevant part:

> **Rule 902 Self-authentication.** Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> (4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) or complying with any statute or rule prescribed by the supreme court.

an action of ejectment." Aames Funding Corp. v. Mores, 107 Hawai'i 95, 104, 110 P.3d 1042, 1051 (2005) (internal quotation marks omitted) (quoting Carter v. Kaikainahaole, 14 Haw. 515, 516 (1902)). See also Salvacion, 134 Hawai'i at 175, 338 P.3d at 1190 ("A party who shows a direct chain of paper title that the party is the owner of land demonstrates prima facie evidence of their contents and that title is vested in that party." (citation, internal quotation marks and brackets omitted)). U.S. Bank established a prima facie showing of the validity of the foreclosure proceedings and of its entitlement to ejectment as a matter of law. Because the Benoists failed to set forth specific facts showing that there remained genuine issues of material fact for trial, the circuit court did not err in granting U.S. Bank's MSJ.

Therefore,

IT IS HEREBY ORDERED that the "Order Granting Plaintiff's Motion for Summary Judgment, and for Writ of Ejectment Against Defendants Jean-Francois Benoist and Joyce K. Marvel-Benoist Filed April 1, 2014," entered on September 16, 2014 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 12, 2015.

On the briefs:

Melodie Aduja
(Aduja & Aduja)
for Defendants-Appellants.

Karyn A. Doi
Andrew Y.C. Lee
(Leu Okuda & Doi)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

10